Waterville Bank v. Redington.

---

WATERVILLE BANK *versus* WILLIAM REDINGTON.

When the defendant, at the time of signing a promissory note, affixes the word "principal" to his signature, the note will be conclusive evidence that he is principal, in an action upon a mortgage given by the defendant to the plaintiff to secure its payment.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding.

The material facts sufficiently appear in the opinion of the Court.

*Libbey* and *E. F. Webb*, for the plaintiffs.

*Baker & Foster*, for the defendant, contended—

The note is not conclusive but may be explained by parol.

I. The words "principal" and "surety," on this note, are no part of the contract between the promisees and promisors. The contract is the promise to pay so much money in such a time, and whether a signer is principal or surety, does not vary his contract. No demand or notice is necessary for a surety, as in case of an indorser. *Mariner's Bank* v. *Abbott*, 28 Maine, 284–5 ; Story on Notes, § 57 ; *Harris* v. *Brooks*, 21 Pick., 195.; 9 Met., 511, 547 ; *Bank* v. *Kent*, 4 N. H., 221.

It is mere "*descriptio personae*," and is no more a part of the contract than if the signer had annexed to his name "esquire," or "yeoman," or "laborer," or "gentleman."

It also describes the relation which the signers sustained to each other, and not to the promisees, and is one mode of proving their rights among themselves ; but it is only *prima facie* evidence, and liable to be explained and contradicted by parol.

It also serves as a notice to the promisees and holders, of the relation of the signers to each other, and thus saves the inconvenience of proving notice otherwise ; but does not exclude other modes of proof. They do not and cannot affect the contract in any possible way.

Suppose a note is written just as this was, and, by mere mistake in the hurry of business, the surety writes his name opposite the word "principal," and the principal writes his opposite the word "surety." Could it be held that the surety is conclusively bound and shut out from showing the actual facts ?

The words principal and surety on a note can never affect the promisees or operate to their prejudice, and, in fact, can never have any vitality as to them except at their op-

tion. It is only when they undertake to change that contract, to engraft into it a foreign element, voluntarily to deal with the principal without consent of the sureties, that they infuse life into these words. Both arise long after the contract was made, and are collateral to it. If the promisees elect to change the original contract, why should not the sureties invoke the dormant power of these words? *Mariner's Bank* v. *Abbott*, before cited, 285.

Since these words are no part of the contract, why should not sureties be allowed to show their actual relation according to the truth?

II. *On authority.* In *Cummings* v. *Little*, 45 Maine, 183, and in other cases like it, parol evidence was admitted to show that some signers were principals and some sureties, and yet, in these notes, all sign as joint and several promisors without any words of principals or sureties written opposite their names. This principle is abundantly settled now, though for a long time it was contested and resisted.

In the note in *Cummings* v. *Little*, the signers are all *principals* to all intents and purposes, since none of them have described themselves as sureties or as principals. By the contract itself, they are principals just as much as if the word principal had been written opposite each name. Yet parol evidence is admitted to prove that some of these principals are in fact sureties. This is just as nearly contradicting the written contract as it would be in the case at bar. It is a distinction without a difference. It would be a reproach to the law to admit parol proof in one case and not in another.

Now, as no case has been found that decides this point, nor any text book, the Court is at liberty to establish a rule which will work out justice among all the parties.

In *Robison* v. *Lyle*, 10 Barb., 515, Judge HARRIS says that, where one signs as surety, it may be proved by parol that he was principal.

The opinion of the Court was drawn by

WALTON, J.— This is an action upon a mortgage. After reading the mortgage and the note to secure which it was given, the plaintiffs rested their case. The note is as follows :—

"Waterville, June 25, 1856.—For value received, we jointly and severally promise to pay the President, Directors & Co. of the Waterville Bank, two thousand one hundred and eighty-two dollars, in two years, with interest annually.

"William Redington, *Principal.*

"Joseph O. Pearson, ⎱
"Edmund Pearson, ⎰ *Sureties.*"

The defendant, William Redington, then offered to prove that he was only a surety upon the note, and that this fact was well known to the plaintiffs. This evidence was objected to by the plaintiffs, and the presiding Judge ruled that the note was conclusive evidence that the defendant was principal, and, for this reason, rejected the evidence. Thereupon the defendant was defaulted ; and, if the ruling was right, the default is to stand ; otherwise the default is to be taken off, and the action is to stand for trial, such being the agreement of the parties.

The defendant contends that the words "principal" and "sureties," added to the names of the signers of this note, form no part of the contract between these parties ; that they are mere "*descriptio personae*," as much as the words, yeoman, esquire, or gentleman, added to their names, would be ; or, at most, that they only show the relation which the signers sustain to each other, and not the relation which they sustain to the plaintiffs ; that, in *Cummings* v. *Little*, 45 Maine, 183, the signers were all *principals*, and yet parol evidence was admitted to show that some of them were sureties only ; and that the evidence offered in this case would no more contradict the written contract than the parol evidence admitted in *Cummings* v. *Little* contradicted the written contract in that case.

We cannot subscribe to this doctrine. We think the

words "principal" and "sureties" added to the names of the signers of the note constitute an important part of the contract. They not only show the relation which the signers held to each other, but they also show in what capacity they are holden to the promisees. To allow William Redington to prove that he was not principal upon this note, is to allow him to contradict what he has unmistakably stated upon the face of it. This the law will not allow him to do. The law places more reliance upon written than oral testimony; and hence it is an inflexible rule, that "parol evidence is not admissible to supply or contradict, enlarge or vary, the words of a contract in writing." (2 Kent, L. & B.'s ed., 777.) If error has crept into a written contract, a court of equity, in a proper case, will reform it; but till this is done, courts of law must regard it as conclusive evidence of the terms of the agreement between the parties, and treat it accordingly.

It is true, that, in *Cummings* v. *Little*, 45 Maine, 183, parol evidence was admitted to show that some of the signers were sureties only. But in that case the note was silent upon the subject. There was nothing in the body of the note, or added to the names of the signers, to be contradicted by the evidence. Defendant's counsel contends that when a note is silent upon the subject, all are *principals;* and that parol evidence to show that some of the signers are sureties only, contradicts the written contract as much as if the word *principal* was added to each name. But this is not so. To say that all the parties liable on a note are principals is absurd. All may be original promisors, and equally liable upon it; but all cannot be principals, any more than all can be sureties. *Principal* and *surety*, like parent and child, master and servant, are *correlatives*, and one cannot exist without the other.

When a note is silent upon the subject, it is not contradicted by showing that some of the signers are sureties, and others principals. But when the note is not silent upon the subject, and, in a manner free from doubt, designates some

of the signers as principals, and others as sureties, to show that one designated as a principal was in fact only a surety, or that one designated as a surety was in reality a principal, most clearly contradicts the note.

When a note has several signers, it is often of great importance to the holder to know who are principals and who are sureties; and when the note expresses this, we think it would open as wide a door to fraud, and be productive of as much mischief, to allow it to be contradicted in this as in any other particular.

It is not denied that the defendant signed the note in question, and that he deliberately and understandingly added to his name the word *principal;* and that he permitted the other two signers to add to theirs the word *sureties.* If, relying upon this designation of the capacity in which these several parties were holden, the plaintiff has dealt with them in a manner he otherwise would not, justice forbids that they should now be allowed to show, to his prejudice, that their liabilities are not as therein stated.

*Default to stand.*

DAVIS, KENT, DICKERSON and DANFORTH, JJ., concurred.

APPLETON, C. J., concurred in the result, and submitted his views as follows:—

The defendant "offered to prove that the note described in the mortgage, and put into the case by the plaintiffs, was given to renew a former note in which Joseph O. Pearson was principal and had all the money obtained thereon, and the defendant was merely an accommodation surety thereon, and also for an acceptance of one McCann, of $500, on which the defendant was not liable, but it was for the debt of Joseph O. Pearson, alone, to the bank; that, in renewing the former note and including the acceptance, *at the request of the plaintiffs* the defendant signed his name opposite the word principal, as appears on said note, and the others as sureties, and that the plaintiffs had certain knowledge that defendant

was not principal and never had any of the avails of the note, but was merely an accommodation surety."

In other words, the bank requested the defendant that, as to it, he should assume the relation of principal on the note in suit—and he complied with such request and thereby became principal. Having assumed that relation at the instance of the bank, he cannot be permitted to change it without its consent. His then existing liability and the extension given, are a sufficient consideration.

The defendant was *prima facie* liable on the note. The evidence offered in no way changes or extinguishes that liability.